IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD A. HUTCHESON                                                            PLAINTIFF

v.                      Civil No. 06-5046

JUDGE XOLLIE DUNCAN                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Ronald A. Hutcheson brought this complaint under 42 U.S.C. § 1983 while detained in the Benton County Detention Center. He proceeds pro se and in forma pauperis (IFP).

### I. Background

Hutcheson alleges that the defendant, Judge Xollie Duncan, Circuit Judge, denied his request for legal counsel on two occasions – February 9, 2006 and March 2, 2006. Hutcheson states that he asked Judge Duncan if he needed an attorney, and Judge Duncan responded, "You're going to jail." (Doc. 1.)

Hutcheson attaches to his complaint a copy of incarceration order entered on March 2, 2006. This order reflects that Judge Duncan is a circuit judge over domestic relations in Benton County, Arkansas. It confirms that Hutcheson appeared pro se and that he was "ordered incarcerated in the Benton County Jail for contempt of court" until March 30, 2006. (Doc. 1. Attach.)

Hutcheson has further submitted a letter to the court that was filed as a supplement to his complaint. (Doc. 7.) According to this supplement, Judge Duncan entered the incarceration order on a contempt of court when Hutcheson violated an earlier restraining order. Hutcheson

claims that on February 13, 2006, Judge Schrantz had him "picked up" on the same restraining order, and Hutcheson "bonded out" on a $2500 bond. He also claims that Judge Duncan turned him over to Judge Keith on a criminal mischief count for damage to a truck. Hutcheson contends that he is making restitution of $1250 for the damage to the truck. (Doc. 7.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Hutcheson names as the sole defendant in this action Judge Xollie Duncan, a state court judge. Further, Hutcheson alleges that Judge Duncan refused to appoint him counsel and ordered that Hutcheson be incarcerated for contempt of court. These actions were taken by Judge Duncan under his authority as a judge. Thus, Judge Duncan is entitled to absolute immunity from suit for such actions. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) (judges performing judicial functions enjoy absolute immunity from § 1983 liability).

AO72A
(Rev. 8/82)

### III. Conclusion

I therefore recommend that plaintiff's complaint be dismissed as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Hutcheson has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Hutcheson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of June 2006.

                                                    **/s/ Beverly Stites Jones**
                                            _____
                                            HON. BEVERLY STITES JONES
                                            UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)